07 CV 10670

Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

NOV 29 2007

U.S.D.C. S.D. N.Y.
CASHIERS

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
SOCORRO RIVERA and LUIS RIVERA,               :      No.: _____
                                              :
                              Plaintiffs,      :
                                              :      **NOTICE OF REMOVAL OF**
              -against-                        :      **DEFENDANT MERCK & CO.,**
                                              :      **INC.**
MERCK & CO., INC.,                            :
                                              :
                              Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this

action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme Court of the State of

New York, County of Bronx to the United States District Court for the Southern District of New

York and respectfully states to this Court the following:

   1.      This action involves allegations regarding the prescription drug Vioxx®.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring

148 Vioxx products liability cases to the United States District Court for the Eastern District of

Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Vioxx*

*Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Merck intends to seek the transfer of

this action to that Multidistrict Litigation, *In re Vioxx Marketing, Sales Practices and Products*

*Liability Litigation,* MDL No. 1657, and will shortly provide to the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2.     Plaintiffs Socorro Rivera and Luis Rivera ("Plaintiffs") filed this civil action against Merck in the Supreme Court of the State of New York, County of Bronx, bearing Index Number 21685-05. Plaintiffs seek damages for "serious personal injuries including but not limited to difficulty breathing, fatigue, chest pain and increased heart rate" that they allege were caused by Mrs. Rivera's use of the prescription medicine Vioxx. (Compl. ¶ 9.) Plaintiffs' claims are based on theories of strict liability, negligence, breach of express warranty, breach of implied warranty, and negligence per se.

3.     As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Merck has (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4.     Moreover, although the case is more than one year old, the Court should equitably extend the removal deadline because plaintiffs "acted tactically to avoid removal" by failing to pursue their claims against the only non-diverse defendant and dismissing that defendant after the one-year removal deadline had passed. *See In re Rezulin Prods. Liab. Litig.,* MDL No. 1348, 02 Civ. 6827 (LAK), 2003 U.S. Dist. LEXIS 26528, at *7-8 (S.D.N.Y. June 4, 2003).

## I.     MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.     Merck was served with a copy of Plaintiffs' Complaint ("Complaint") on September 28, 2005. Plaintiffs' Complaint originally named Merck and Pfizer, Inc. ("Pfizer"), a New York Corporation, as defendants. Therefore, at the time of service, Plaintiffs' Complaint

was not removable on its face. A true and correct copy of the Summons and Complaint served on Merck are attached hereto as Exhibit 1. On November 27, 2007, a Stipulation and Order of Discontinuance with Prejudice Against Pfizer was filed in the Supreme Court of the State of New York, Bronx County. (Attached hereto as Exhibit 2.) A case that is not initially removable may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is . . . removable. . . ." 28 U.S.C. § 1446(b). Accordingly, the November 27, 2007 Stipulation and Order of Discontinuance with Prejudice Against Pfizer Inc. constitutes "other paper" which forms the basis of the removal in this case. For the reasons set forth below, an equitable extension to the one-year procedural time limit for removing cases imposed by 28 U.S.C. § 1446(b) should be granted.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 112(b) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7.    No previous application has been made for the relief requested herein.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, Bronx County.

## II.    THIS COURT SHOULD GRANT AN EQUITABLE EXTENSION TO THE ONE-YEAR LIMIT ON REMOVAL IMPOSED BY 28 U.S.C. § 1446(b).

9.    This Court can and should grant an equitable extension of the one-year limit on removal of cases to federal court based on diversity jurisdiction.

10.    Section 1446(b) generally requires that removal of diversity cases be accomplished within "1 year after commencement of the action." 28 U.S.C. § 1446(b).

However, this Court and others have found that where plaintiffs have avoided removal through apparent manipulation of the removal statute, an equitable extension of the one-year period for removal is appropriate. *See In re Rezulin Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 26528, at *7-8 (S.D.N.Y. June 4, 2003) ("an equitable exception to the one-year time limit imposed by *Section 1446(b)* is warranted where, as here, the circumstances suggest that the plaintiff acted tactically to avoid removal and the interests of justice favor removal."); *Hill v. Delta Int'l Machinery Corp.*, 386 F. Supp. 2d 427, 430-31 (S.D.N.Y. 2005) ("Allowing an extension of the one-year time limit where 'the plaintiff acted tactically to avoid removal and the interests of justice favor removal' . . .accords with the general goal of preventing forum shopping that has been recognized repeatedly by the Supreme Court.").

11.     As the Fifth Circuit has recognized, "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Tedford v. Warner-Lambert Co.*, 327 F. 3d 423, 427 (5th Cir. 2003) (noting that Congress did not intend the one-year rule "to allow plaintiffs to circumvent [removal] altogether"). Accordingly, "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one year limit in §1446(b) be extended." *Id.* at 428-429. *See also Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (denying plaintiff's motion to remand action to state court where defendant's attempt at removal came more than one year after commencement of the action and holding that "the one-year limitation in § 1446(b) is not absolute, but rather, subject to equitable exceptions"); *Chamberlain v. Amrep, Inc.*, No. 3:04-cv-1776-B, 2004 U.S. Dist. LEXIS 23384 (N.D. Tex. Nov. 18, 2004) (denying plaintiff's motion to remand and noting that

removal deadlines may be subject to equitable exceptions in the Fifth Circuit under the *Tedford* doctrine); *Ardoin v. Stine Lumber Co.*, 298 F. Supp. 2d 422 (W.D. La. 2003) (following *Tedford* and concluding that plaintiffs deliberately included non-diverse defendants until the one-year limit of § 1446(b) had passed in an effort to prevent removal); *id.* at 429 ("[E]quity dictates that the one-year time limit of § 1446(b) should be extended in this case so as to allow removal."); *Davis v. Merck & Co., Inc.*, 357 F. Supp. 2d 974, 979 (E.D. Tex. 2005) ("forum manipulation should not be encouraged, and an equitable extension of the one-year limitation on removal should be granted" where plaintiff did not attempt to pursue her claims against a non-diverse defendant).

12.    This is precisely the type of case in which the Court should equitably extend the one-year limitation. Plaintiffs waited until past the one-year deadline for removal and then voluntarily dismissed the non-diverse defendant, Pfizer, from the action. Moreover, Plaintiffs' actions prior to dismissing Pfizer suggest that they had no intention of prosecuting their claims against the non-diverse defendant. At no time prior to the voluntary dismissal of Pfizer did Plaintiffs seek discovery from Pfizer. Indeed, Plaintiffs took ***no action*** in this case until after the one-year time limit on removal had passed. Even then Plaintiffs continued to delay. While Plaintiffs orally agreed to dismiss Pfizer from the case in January 2007, the signed stipulation was not received by Pfizer's counsel until November 21, 2007 and was filed on November 27, 2007 (Ex. 2). Plaintiffs thus appear to have engaged in the type of "strategic behavior" that warrants equitable extension of the one-year deadline for removal.

13.    As this Court observed in *In re Rezulin Prods. Liab. Litig.*, "the legislative history of the [removal] statute reflects Congress' intention that the one-year limit effect only a 'modest curtailment in access to diversity jurisdiction' to promote comity and conservation of

judicial resources, not to permit wholesale circumvention of diversity jurisdiction by strategic pleading." 2003 U.S. Dist. LEXIS 26528, at *7 (emphasis in original). Moreover, Congress' desire to reduce "the opportunity for removal after substantial progress has been made in state court," H.R. REP. No. 100-889, at 72 (1988), is simply not an issue in the instant case. As referenced above, *no progress* has been made in state court. Merck has filed its Answer and served discovery, but has not received any responses to discovery. Plaintiffs have not served any discovery. Nor has there been any motion practice in this case. Indeed, in the instant case, *removal* would further judicial economy as this case could be transferred to MDL-1657 where it can be coordinated with thousands of other Vioxx cases. *In re Rezulin Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 26528, at *10 ("the interests of justice are promoted in this case by applying an equitable exception to the one-year time limit of Section 1446(b) to permit defendants to participate in the consolidated multi-district litigation underway in this Court"). For all of these reasons, an equitable extension of the one-year time limit on removal is warranted in this case.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

14.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A.    Complete Diversity Of Citizenship.

15.    There is complete diversity between Plaintiffs, citizens of New York, and Merck, a citizen of New Jersey.

16.    Merck is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of

business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

17.    Upon information and belief, Plaintiffs are citizens of the State of New York.[1]

**B.    The Amount In Controversy Requirement Is Satisfied.**

18.    It is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiffs seek compensatory damages in the amount "of not less than $10,000,000" for alleged "serious personal injuries," including "difficulty breathing, fatigue, chest pain and increased heart rate," that Plaintiffs allege were caused by Mrs. Rivera's use of Vioxx. (Compl. ¶ 9 and WHEREFORE clause.) The foregoing makes it apparent that the amount in controversy in this case is well in excess of $75,000. *See, e.g., James v. Gardner*, No. 04 Civ. 1380 (DGT)(KAM), 2004 U.S. Dist. LEXIS 23174, *10 (E.D.N.Y. Nov. 10, 2004) (even where plaintiff fails to represent a definitive amount in controversy, the court may look to defendant's petition for removal for a showing of reasonable probability that plaintiff's claim for damages exceeds the jurisdictional amount).

19.    Federal courts around the country have ruled that subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists in similar actions alleging personal injuries caused by Vioxx and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000. *See, e.g., Morgan v. Merck & Co., Inc.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavides v. Merck & Co., Inc.*, No. L-03-134, slip op. at 1 (S.D. Tex.

---

1.    Plaintiffs allege that they are residents of New York. (Compl. ¶ 1.) Plaintiffs allege no other alternative state of residence. Accordingly, New York is the state in which Plaintiffs are domiciled and, therefore, the state of which they are citizens. *See* 28 U.S.C. § 1332(a); *see also Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile.").

Apr. 16, 2004); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex.

Oct. 9, 2003); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30,

2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196, slip op. at 2 n.3 (W.D. La. June 18, 2002);

*Jones v. Merck & Co., Inc.*, Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002).  (Slip

opinions attached collectively, as Exhibit 3.)  These courts were all confronted by similar

complaints in which plaintiffs alleged that they suffered similar injuries as a result of their use of

Vioxx, and all found, either explicitly or implicitly, that the requirements for federal diversity

jurisdiction, including the amount in controversy, were satisfied.

      WHEREFORE, Defendant Merck respectfully removes this action from the

Supreme Court of the State of New York, County of Bronx, pursuant to 28 U.S.C. § 1441.


DATED:      New York, New York
              November 28, 2007

                        Respectfully submitted,

                        HUGHES HUBBARD & REED LLP


                        By: *Vilia B. Hayes*
                           Theodore V. H. Mayer
                           Vilia B. Hayes
                           Robb W. Patryk

                        One Battery Park Plaza
                        New York, New York 10004-1482
                        (212) 837-6000

                        *Attorneys for Defendant Merck & Co., Inc.*

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
SOCORRO RIVERA and LUIS RIVERA,                 Index No.: 21685-05

                                Plaintiffs,     **SUMMONS**

                                                PLAINTIFFS DESIGNATE
                -against-                        BRONX COUNTY AS THE
                                                PLACE OF THE TRIAL.
MERCK & CO., INC. and PFIZER, INC.,

                                Defendants.     The basis of venue is
                                                Plaintiffs' residence.
----------------------------------------X
**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action
and to serve a copy of your answer on the plaintiff's attorney
within twenty (20) days after the service of this summons,
exclusive of the day of service of this summons, or within 30 days
after service of this summons is complete if this summons is not
personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by
default will be taken against you for the relief demanded in the
complaint, together with the interest costs and/or disbursements of
this action.

Dated:    Great Neck, New York
          September 1, 2005

                                _____
                                IRA C. PODLOFSKY, Esq.
                                PODLOFSKY & ORANGE
                                Attorneys for Plaintiffs
                                98 Cutter Mill Road
                                Great Neck, New York 11201
                                (516) 487 - 7300

DEFENDANT'S ADDRESS:
MERCK & CO., INC.
One Merck Drive
P.O. Box 100
Whitehouse Station, New Jersey 08889

PFIZER, INC.
235 East 42nd Street
New York, New York 10017

2005 SEP 22 AM 10:45  COUNTY CLERK BRONX COUNTY   RECEIVED

M001807522

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------X
SOCORRO RIVERA and LUIS RIVERA,

                          Plaintiffs,      Index No.:

          -against-                        **COMPLAINT**

MERCK & CO., INC. and PFIZER, INC.,

                          Defendants.
---------------------------------------X

Plaintiffs, by their attorneys, PODLOFSKY & ORANGE, as and for their complaint against the defendant, herein allege as follows upon information and belief:

1.  At all relevant times, plaintiffs were and are citizens and residents of New York State, County of Bronx.

2.  At all relevant times, upon information and belief, defendant, MERCK & CO., INC., was and is a business entity with its principal place of business located at 100 Merck Drive in Whitehouse Station, New Jersey. Upon information and belief, at all relevant times, defendant was and is duly authorized to do business, and regularly does and/or solicits business, in the State of New York, and derives substantial revenue from goods used or consumed in the State of New York.

3.  At all relevant times, upon information and belief, defendant, PFIZER, INC., was and is a business entity with its principal place of business located at 235 East 42nd Street, New York, New York 10017. Upon information and beleif, at all relevant times, defendant was and is duly authorized to do business, and

M001807506

regularly does and/or solicits business, in the State of New York, and derives substantial revenue from goods used or consumed in the State of New York.

4.   Vioxx® is a medication designed, engineered, produced, manufactured, marketed, distributed and promoted by the defendant MERCK & CO., INC., particularly for use in patients suffering from arthritis and acute pain.

5.   Bextra® is a medication designed, engineered, produced, manufactured, marketed, distributed and promoted by the defendant, PFIZER, INC., particularly for use in patients suffering from arthritis and acute pain.

6.   Contrary to the representations and promises made by defendants as to the effectiveness, safety and reliability of Vioxx® and Bextra®, such products were in fact defective, caused deleterious side effects, including but not limited to cardiovascular problems including strokes and heart attacks, and were not suitable for use in patients.

7.   Defendant MERCK & CO., INC., ultimately removed Vioxx® from the marketplace on or about September 30, 2004, due to its aforementioned defective nature and in part to a study which recognized these deleterious effects.

8.   Defendant PFIZER, INC., ultimately removed Bextra® from the marketplace on or about April 7, 2005, due to its aforementioned defective nature and in part in response to the Food and Drug Administration's request that it voluntarily do so.

9.  Plaintiff, SOCORRO RIVERA, began taking Vioxx® on or about July, 2002, which continued through on or about September, 2004, when she contracted serious personal injuries including but not limited to difficulty breathing, fatigue, chest pain and increased heart rate.

10.  Plaintiff, SOCORRO RIVERA, began taking Bextra® on or about July, 2002, which continued through on or about September 2004, when she contracted serious personal injuries including but not limited to difficulty breathing, fatigue, chest pain and increased heart rate.

11.  SOCORRO RIVERA's aforementioned symptomology was proximately caused by the Vioxx® and Bextra® which were administered to her.

12.  Defendants designed, manufactured, marketed, sold, and distributed Vioxx® and Bextra® to hospitals, physicians, the public at large, patients generally, including the plaintiff herein; failed to disclose that Vioxx® and Bextra® were defective and would cause, inter alia, cardiovascular ailments including heart attacks and strokes, and otherwise fail when exposed to normal conditions, and even after failures had been reported to them, defendants continued to represent to their physician-customers, patient-customers and others, including the plaintiff herein, that Vioxx® and Bextra® were acceptable medications for patient use; and, impliedly warranted that the Vioxx® and Bextra® medications were of merchantable quality, fit for the ordinary purpose of such

materials, and suitable for the particular purposes for which they were intended.

13. Vioxx® and Bextra® vaccines have and had a higher failure rate and incidence of causing the foregoing symptomology than similar arthritis and acute pain medications in the marketplace.

14. The Vioxx® medication administered to SOCORRO RIVERA was contained, developed, designed, manufactured, distributed, promoted, sold, and marketed by defendant MERCK & CO., INC.

15. The Bextra® medication administered to SOCORRO RIVERA was contained, developed, designed, manufactured, distributed, promoted, sold, and marketed by defendant PFIZER, INC.

16. Defendants knew or should have known but failed to disclose that Vioxx® and Bextra® would cause the foregoing symptomology in patients and otherwise fail when used in ordinary applications.

17. The defects in Vioxx® and Bextra® are latent and self-concealing. Accordingly, all applicable statutes of limitations have been tolled.

### AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

19. Defendant MERCK & CO., INC., has been at all pertinent times in the business of designing, manufacturing, testing, inspecting, marketing, distributing and/or selling Vioxx® which

M0018075Q9

were prescribed to SOCORRO RIVERA.

20. Defendant PFIZER, INC., has been at all pertinent times in the business of designing, manufacturing, testing, inspecting, marketing, distributing and/or selling Bextra® which was prescribed to SOCORRO RIVERA.

21. By producing, selling, marketing, and/or introducing Vioxx® and Bextra® products into the stream of commerce, defendant represented that they were safe and suitable for their foreseeable use.

22. Vioxx® and Bextra® products were expected to and did reach consumes, including the plaintiff herein, without substantial change in the condition in which they were designed, produced, manufactured, sold, distributed and or market by the defendant, and in the condition which defendant intended them to reach such consumers.

23. Vioxx® and Bextra® products were in fact defective and unreasonable dangerous in that, among other things, defendants MERCK & CO., INC., and PFIZER, INC., respectively failed to give instructions and/or gave inadequate or improper instructions to warnings covering Vioxx® and Bextra®; failed to advise that Vioxx® and Bextra® products were inherently defective and would cause damages to plaintiff with the foreseeable use of the product; and, failed to adequately engineer, design, and test Vioxx® and Bextra® to assure their safety for administration in human subjects.

24. Plaintiff SOCORRO RIVERA used Vioxx® and Bextra® in a

M0018075/10

foreseeable manner and for the purposes and in a manner normally intended.

25.    The defects in Vioxx® and Bextra® were substantial factors in causing damages to the plaintiff herein.

26.    Plaintiff SOCORRO RIVERA could not by the exercise of reasonable care have avoided the damages or discovered the defects herein mentioned and/or perceived their danger.

27.    By reason of the foregoing, defendants MERCK & CO., INC. and PFIZER, INC., are strictly liable to plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

28.    Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

29.    Defendants owed duty to plaintiff to exercise the ordinary care and diligence that would have been exercised by a reasonable and prudent designer, manufacturer, producer, distributor, marketer and seller under the same or similar circumstances.

30.    Defendants violated the duty they owed to the plaintiffs to exercise the ordinary care and diligence that would have been exercised by a reasonable and prudent designer, manufacturer, retailer, distributor, producer, marketer and seller under the same or similar circumstances.

31.    Defendant MERCK & CO., INC. was negligent in that they developed, designed, marketed, distributed, and sold Vioxx®

M001607511

products; failed to adequately inspect or test Vioxx® before introducing it into the marketplace; failed to give warnings or disclosures and/or timely warnings or disclosures regarding the limitations of use of Vioxx®; represented that Vioxx® would be suitable for administration to humans, generally, and sufferers of arthritis and acute pain, such as the plaintiff herein, specifically; and, recommended or specified Vioxx® for use in treating patients for acute pain and arthritis, such as the plaintiff herein.

32.   Defendant PFIZER, INC. was negligent in that they developed, designed, marketed, distributed, and sold Bextra® products; failed to adequately inspect or test Bextra® before introducing it into the marketplace; failed to give warnings or disclosures and/or timely warnings or disclosures regarding the limitations of use of Bextra®; represented that Bextra® would be suitable for administration to humans, generally, and sufferers of arthritis and acute pain, such as the plaintiff herein, specifically; and, recommended or specified Bextra® for use in treating patients for acute pain and arthritis, such as the plaintiff herein.

33.   Defendants' actions also constitute gross negligence. Such actions were made with knowing disregard for or reckless indifference to the rights of plaintiff, and the reliance of plaintiff on defendants' reputation for designing, manufacturing, distributing and selling superior quality medical products and

medication.

34.  By reason of defendants' aforesaid negligence, plaintiff sustained serious personal injuries and other damages, and defendants are therefore liable to plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION

35.  Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

36.  Defendants MERCK & CO., INC., and PFIZER, INC., as the designers, manufacturers, distributors, sellers and or marketer of Vioxx® and Bextra® products respectively, impliedly warranted that they were safe, merchantable and fit for the ordinary purposes for which they were used.

37.  In fact, said warranties were false in that Vioxx® and Bextra® products were and are not safe and not fit for the use intended, and were and are not of merchantable quality.

38.  Defendants MERCK & CO., INC., and PFIZER, INC., breached this implied warranty, because Vioxx® and Bextra® products are not and never have been safe, merchantable, and/or reasonable for ordinary use, but instead are defective.

39.  Plaintiff used Vioxx® and Bextra® products for their intended use and/or in a reasonably foreseeable manner.

40.  Accordingly, defendants MERCK & CO., INC. and PFIZER, INC. are liable to plaintiff.

41.  By reason of the foregoing, as well as plaintiff's

M0018075I3

reliance on defendants' reputation for designing, manufacturing, marketing, selling and distributing superior products, plaintiff have sustained serious personal and other injuries, including but not limited to multiple blood clots in the lower extremities.

## AS AND FOR A FOURTH CAUSE OF ACTION

42.    Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

43. Defendants, as the designers, manufacturers, distributors, marketers and/or sellers of Vioxx® and Bextra® respectively, impliedly warranted that Vioxx® and Bextra® were fit for the particular purposes for which they were used.

44.    Defendants, at the time they designed, sold, manufactured, marketed and/or distributed Vioxx® and Bextra® and their systems, knew or had reason to know, the purpose for which it would be used by patients such as the plaintiff herein.

45.    Defendants, because of their superior knowledge and skill, knew or had reason to know that consumers, including plaintiff, would justifiably rely on defendant's knowledge and skill in electing to take Vioxx® and Bextra®.

46.    Plaintiff relied on defendants' knowledge and skill in choosing to take Vioxx® and Bextra®.

47.    Defendants, by designing, manufacturing, creating, distributing, marketing, and selling products that cause the aforementioned symptomology, created, designed, manufactured,

M001807514

distributed, marketed and sold products with concealed hazards which were inherently dangerous.

48. Defendant breached the implied warranty of fitness for a particular purpose by designing, manufacturing, distributing and selling Vioxx® products which were not fit for their particular purpose.

49. By reason of the foregoing, defendants are liable to plaintiffs.

50. As a result of the negligent, intentional and otherwise illegal conduct of the defendants as aforesaid, and in relying on the foregoing representations, and defendants' respective reputations in the medical products community as designers, manufacturers, distributors and sellers of superior quality products, the plaintiffs were caused to suffer substantial personal and other injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION

51. Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

52. Defendant MERCK & CO., INC., made assertions and/or promises of fact relating to Vioxx® and to the government, public and arthritis community including the plaintiff, including, but not limited to, assertions and/or promises that Vioxx® was fit and safe for use in patients, and that Vioxx® was a superior material for

M0018075I5

use in patients with arthritis and acute pain.

53.  Defendant PFIZER, INC., made assertions and/or promises of fact relating to Bextra® to the government, public and arthritis community including the plaintiff, including, but not limited to, assertions and/or promises that Bextra® was fit and safe for use in patients, and that Bextra® was a superior material for use in patients with arthritis and acute pain.

54.  Defendant MERCK & CO., INC., intended through its assertions to induce patients with arthritis and acute pain, including the plaintiff herein, to elect to take Vioxx® products designed, manufactured and distributed by defendant to be administered to him.

55.  These assertions were express warranties that were relied upon by the plaintiff in choosing to take Vioxx®.

56.  Defendant PFIZER, INC., intended through its assertions to induce patients with arthritis and acute pain, including the plaintiff herein, to elect to take Bextra® products designed, manufactured and distributed by defendant to be administered to him.

57.  These assertions were express warranties that were relied upon by the plaintiff in choosing to take Bextra®.

58.  Defendant MERCK & CO., INC., breached these warranties by offering for sale Vioxx® products that did not conform to defendant's assertions and/or promises.

59.  Defendant PFIZER, INC., breached these warranties by

M0016075 16

offering for sale Bextra® products that did not conform to defendant's assertions and/or promises.

60.  By reason of the foregoing, defendants are liable to plaintiffs.

61.  As a result of the negligent, intentional, and otherwise illegal conduct of the defendants as aforesaid, and in relying on the foregoing representations, and defendants' reputation in the medical products community as designers, manufacturers, distributors and sellers of superior quality products, the plaintiffs herein were damaged.

## AS AND FOR A SIXTH CAUSE OF ACTION

62.  Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

63.  Defendants MERCK & CO., INC., and PFIZER, INC., as the manufacturer, distributor, designer, marketer and seller of Vioxx® and Bextra®, respectively, designed and promoted for use in the human body, were required by Federal law and certain rules and regulations of the United States Food and Drug Administration (hereinafter "FDA") to filed accurate pre-market approval reports and other product safety information with the FDA; establish and maintain procedures for receiving, reviewing and evaluating complaints concerning Vioxx® and Bextra® and materials in accordance with the Code of Federal Regulations; analyze all sources of quality data to identify trends of quality problems in

M001807517

accordance with the Code of Federal Regulations; maintain adequate device master records that include packaging and labeling specifications, including the methods and processes used, in accordance with the Code of Federal Regulations; and, document training to ensure that all personnel are trained to adequately perform their assigned responsibilities in accordance with the Code of Federal Regulations.

64.  As manufacturers, distributors, designers, marketers and sellers of products for implantation in the human body, defendants were required by Federal law and FDA rules and regulations to conduct substantial tests on their products, namely, Vioxx® and Bextra® prior to the sale and distribution of these devices for ultimate implantation in the patients' bodies.

65.  Defendants MERCK & CO., INC., and PFIZER, INC. failed to comply with the foregoing Federal laws and regulations.

66.  As a result of the defendants MERCK & CO., INC. and PFIZER, INC.'s failure to properly comply with the aforesaid statutory and regulatory requirements governing the marketing, sale, manufacture, testing and distribution of Vioxx®, and Bextra®, respectively, the defendants were "negligent per se" under New York law.

67.  The defendants MERCK & CO., INC. and PFIZER, INC.'s presumptive negligence in the manufacture, sale, testing and distribution of Vioxx® and Bextra®, respectively, were substantial factors in causing the aforesaid damages sustained by plaintiffs.

M00180751.8

68.    Accordingly, defendants are liable to plaintiffs for their aforesaid damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION

69.    Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

70.    At all times hereinafter mentioned, plaintiff, SOCORRO RIVERA, was and remains the lawfully wedded wife of the plaintiff, LUIS RIVERA, and they have co-habitated together as such.

71.    That by reason of the foregoing, plaintiff, LUIS RIVERA, was and remains deprived of the services, comfort, companionship, society and consortium of plaintiff, SOCORRO RIVERA, and has been physically, socially and economically damaged as a result thereof.

72.    That by reason of the foregoing, plaintiff, LUIS RIVERA, has been damaged, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

WHEREFORE, plaintiffs demand judgment on the FIRST through SEVENTH Causes of Action in a sum of money in the amount of not less than $10,000,000, together with attorneys' fees, interest and costs; and such other and further relief as this Court deems just and proper.

Dated:    Great Neck, New York
          September 1, 2005

Yours, etc.,

PODLOFSKY & ORANGE
Attorneys for Plaintiff(s)

By: _____
     Ira C. Podlofsky
98 Cutter Mill Road
Suite 299-North
Great Neck, New York 11021
(516) 487-7300

To:
MERCK & CO., INC.
One Merck Drive
P.O. Box 100
Whitehouse Station, New Jersey 08889

PFIZER, INC.
235 East 42nd Street
New York, New York 10017

# Exhibit 2

RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY

2007 NOV 27  AM 9: 21

-----------------------------------------  x

COUNTY CLERK
BRONX COUNTY

SOCORRO RIVERA AND LUIS RIVERA,

Index No. 21685/05

Plaintiffs,

-against-

**STIPULATION AND ORDER
OF DISCONTINUANCE
WITH PREJUDICE
AGAINST PFIZER INC.**

MERCK & CO., INC. AND PFIZER INC.,

Defendants.

-----------------------------------------  x

**IT IS HEREBY STIPULATED AND AGREED,** by and among the parties to the above-entitled action through their respective attorneys, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of this action, all claims asserted against Pfizer Inc. in the Complaint in the above-entitled action are discontinued with prejudice. This stipulation may be filed without further notice with the Clerk of the Court. A facsimile copy of this stipulation shall have the same effect as the original.

Dated: New York, New York

PODLOFSKY & ORANGE, LLP

By: _____

Ira C. Podlofsky
James Modzelewski
98 Cutter Mill Road, Suite 299-North
Great Neck, New York 11201
516-487-7300

*Attorneys for Plaintiffs*


HUGHES HUBBARD & REED LLP

By: _____

Vilia B. Hayes
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
212-837-6000

*Attorneys for Defendant Merck & Co., Inc*


DLA PIPER US LLP

By: _____

Christopher Strongosky
1251 Avenue of the Americas
New York, NY 10020-1104
212-335-4500

*Attorneys for Pfizer Defendants*


So Ordered:


_____

Dated: New York, New York
January 23, 2007

PODLOFSKY & ORANGE, LLP

By: _____
    Ira C. Podlofksy
    James Modzelewski
    98 Cutter Mill Road, Suite 299-North
    Great Neck, New York 11201
    516-487-7300

*Attorneys for Plaintiffs*

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
    Vilia B. Hayes
    HUGHES HUBBARD & REED LLP
    One Battery Park Plaza
    New York, NY 10004-1482
    212-837-6000

*Attorneys for Defendant Merck & Co., Inc.*

DLA PIPER US LLP

By: _____
    Christopher Strongosky
    1251 Avenue of the Americas
    New York, NY 10020-1104
    212-335-4500

*Attorneys for Pfizer Defendants*

So Ordered:

_____

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANET SUE MORGAN, ET AL.                                    PLAINTIFFS

VS.                                        CIVIL ACTION NO.3:03cv435WS

MERCK & CO, INC., ET AL.                                    DEFENDANTS

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' PENDING MOTIONS

THIS CAUSE came before the Court on:

1.    Plaintiffs' Motion to Remand (#6);

2.    Defendant Dr. Randall Smith's Motion for Summary Judgment (#19);

3.    Defendant Merck & Co., Inc.'s ("Merck") Motion to Reconsider the Court's Order Granting Plaintiffs' Leave to File First Amended Complaint (#23);

4.    Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24);

5.    Plaintiffs' Motion For Leave To File First Amended Complaint (#14).

Having reviewed the Motions, briefs, supplemental submissions, exhibits and legal authorities submitted by the parties, having heard the argument of counsel and having otherwise fully considered the above-referenced Motions, the Court is of the opinion that the Defendants' Motions are well-taken and should be granted and that Plaintiffs' Motion to Remand and Plaintiffs' Motion For Leave To File First Amended Complaint are not well-taken and should be denied.

IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion to Remand (#6) is denied, because Dr. Randall Smith is fraudulently joined. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between Plaintiffs and Merck, the only properly joined defendant, and the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

2.    Dr. Randall Smith's Motion for Summary Judgment (#19) is granted. Judgment is hereby entered in favor of Dr. Smith.

3.    Dr. Smith and Fictitious Defendants A, B, C and D are dismissed with prejudice from this lawsuit.

4.    Merck's Motion to Reconsider the Court's Order Granting Plaintiffs Leave to File First Amended Complaint (#23) and Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24) are granted. Accordingly, the Court's Order granting Plaintiffs' Motion For Leave To File First Amended Complaint (#17) is vacated, Plaintiffs' Motion For Leave To File First Amended Complaint (#14) is denied, and Plaintiffs' First Amended Complaint (#13) is stricken and dismissed.

5.    The Stay Order entered on the Rule 16.1 Case Management Conference (#9) is lifted. The parties shall submit a Case Management Order to the Court by 5:00 p.m. on Friday, February 27, 2004.

SO ORDERED this the 26th day of _March_ 2004.

_Henry T. Wingate_
UNITED STATES DISTRICT JUDGE

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

Approved as to form:

_Dave Miceli (SMT w/ permission)_
Counsel for Plaintiffs

_Linda Madeke Turn_
Counsel for Defendant Merck & Co., Inc.

_Michael Coleman (AMTHM permission)_
Counsel for Defendant Randall Smith, M.D.

JACKSON 159879v1

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

3

United
South

APR 1 6 2004

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 1 6 2004

Michael J. Milby, Clerk
Laredo Division

PATRICIA BENAVIDES, Individually
and as Representative of the ESTATE OF
LUCIA GUTIERREZ,

          Plaintiffs,

    v.

MERCK & CO., INC., CARLOS
CIGARROA, M.D., MERCY HOSPITAL,
AND DENNIS CANTU, M.D.,

          Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. L – 03 – 134

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand [Doc. No. 6] and Defendant

Dennis Cantu, M.D.'s Motion to Dismiss [Doc. No. 41]. The Motion to Remand was referred to

Magistrate Judge Adriana Arce-Flores for a report and recommendation. Judge Arce-Flores filed

the Report and Recommendation on February 24, 2004. No party has objected to the Report and

Recommendation. *See* 28 U.S.C. 636(b). "A party who fails to file written objections to a

magistrate judge's proposed findings and recommendations waives the objection..." *United*

*States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Finding no clear error, this Court accepts

the Report and Recommendation. Accordingly, Plaintiffs' Motion to Remand is hereby

DENIED and all claims against Dr. Carlos Cigarroa, Dr. Dennis Cantu, and Mercy Hospital are

hereby DISMISSED WITH PREJUDICE.

43

Having adopted the Report and Recommendation, the Court has already dismissed all claims against Dr. Cantu. For that reason, the pending Motion to Dismiss is DENIED AS MOOT.

IT IS SO ORDERED.

SIGNED this ___ day of April, 2004.

KEITH R. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE
BEEN SENT ONE BY THE COURT.

3731 and Jim Staley 3730

IN THE UNITED STATES DISTRICT CC
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
OCT 0 9 2003
Michael N. Milby, Clerk of Court

KIMBERLY STUBBLEFIELD, et al.

§
§
§
§
§
§
§

versus

CIVIL ACTION NO. H-02-3139

MERCK & COMPANY, INC., et al.

ORDER

Pending before the Court is Plaintiff's Motion to Reassign Case to Original Court (H-02-3490) and to Consolidate Cases with Civil Action No. H-02-2139 (Instrument No. 23). The Motion to Consolidate (Instrument No. 23-1) is DENIED. This Court has no authority to reassign either of the other two cases referenced by Plaintiffs and accordingly that Motion (Instrument No. 23-2) is also DENIED. The matter has been referred to the District Clerk's Office to determine if Defendants wrongfully failed to indicate that the case was related to one that had previously been remanded in order to forum shop.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on the the ____ day of October, 2003, in Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

27

United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 4203 | DATE | 8/30/2002 |
| CASE TITLE | Scott Zeedyk, on behalf of himself and all other persons similarly situated vs. Merck & Co., Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MOTION:

Plaintiff's Motion to Remand back to Circuit Court of Cook County for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on ____ set for ___ at ___ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ ___ set for ___ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at _____.

(7) ☐ Trial[set for/re-set for] on ____ at ___ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ___ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) . ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons set forth on the reverse side of this minute order, Zeedyk's motion to remand for lack of subject matter jurisdiction is DENIED [7-1]

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 0 3 2002 | |
| | Notified counsel by telephone. | | | 10 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | Date/time received in central Clerk's Office | |

(proposed for use by the Court)

## ORDER

Before this Court is the motion of plaintiff, Scott Zeedyk, to strike or deny defendant's notice of removal. Plaintiff is a citizen of Illinois. Defendant, Merck, is a citizen of New Jersey. This case involves failure to warn claims and allegations that VIOXX, a prescription medicine manufactured by Merck, caused plaintiff, Zeedyk, to sustain life-threatening injuries.

On May 8, 2002, plaintiff filed his original complaint against the defendant in the Circuit Court of Cook County. On May 20, 2002, the defendant was served with service of process. On this date as well, plaintiff was granted leave of court by the Circuit Court to file an amended complaint instanter. On May 29, 2002, this amended complaint was served on the defendant. Pursuant to 28 U.S.C. § 1332, the defendant filed its first notice of removal, on June 12, 2002, based on its receipt of the original complaint, and on its subsequent receipt of the amended complaint, filed an amended notice of removal on June 25, 2002.

Plaintiff moves to remand because it alleges that Merck failed to conform to Local Rule 81.2. This rule requires that the notice of removal be accompanied by a statement of good faith that the jurisdictional limit is met and by either a response by plaintiff to a request to admit or a response to an interrogatory stating that the jurisdictional limit is met or proof of the failure to respond to such a request to admit or interrogatory. Merck did not provide any such responses with its notice of removal. Defendant argues that where, as here, the complaint clearly establishes that the amount in controversy is in excess of the jurisdictional minimum, the defendant need not establish satisfaction of the jurisdictional minimum through the procedure outlined in Local Rule 81.2.

This Court has previously explained that Local Rule 81.2 is "not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois court." Murphy v. Avon Products, Inc., No. 02-C-146, 2002 WL 808386 (N.D. Ill. April 30, 2002); Huntsman v. Whitehouse, No. 97-C-3842, 1997 WL 548043 (N.D. Ill. Sept. 2, 1997). Zeedyk seeks, inter alia, compensatory and punitive damages for Merck's alleged knowing, intentional, willful, reckless, and malicious failure to warn. Plaintiffs seeking similar relief against other pharmaceutical manufacturer defendants and making similar allegations of failure to warn received jury awards well in excess of $75,000. See, e.g., Proctor v. Upjohn, 291 Ill.App.3d 265, 286-87 (Ill. App. 1997) (plaintiff received approximately $3 million in compensatory damages and $6 million in punitive damages for failure to warn claim); Batteast v. Wyeth Labs, Inc., 172 Ill. App.3d 114 (Ill. App. 1988) (upholding jury's award of approximately $9 million in compensatory damages and $13 million in punitive damages). Plaintiff attempted to defeat jurisdiction in this court by specifically pleading in the amended complaint that he was waiving his right to damages in excess of $75,000. However, this is impermissible under Illinois pleading rules, which forbid a plaintiff in a personal injury action from pleading in its complaint any amount of damages other than "the minimum necessary to comply with the circuit rules of assignment where the claim is filed." 735 Ill. Comp. Stat. Ann. § 5/2-604 (West 2002); In re Shell Oil Col., 970 F.2d 355, 356 (7th Cir. 1992). Thus, it is reasonably probable that the amount in controversy exceeds $75,000 where similar claims recovered damages well over that amount.

For the foregoing reasons, plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

JUN 1 8 2002

ROBERT H. SHEMWELL, CLERK
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

JOHN ABRUSLEY, SR.                    :    DOCKET NO. 02-0196

VS.                                   :    JUDGE TRIMBLE

MERCK & CO., INC., ET AL.             :    MAGISTRATE JUDGE WILSON

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand or alternatively, motion for leave to amend and then remand. [doc. # 20].[1]

In the summer of 2001, John Abrusley Sr. went to see his doctor because he was experiencing hip pain. (Petition, ¶ 2). His doctor gave him an injection of Risticus and supplied him with samples of Vioxx. *Id.* Abrusley used the Vioxx for two to three weeks, before stopping. *Id.* at ¶ 4. However, several days later, Abrusley suffered a stroke and collapsed – breaking his wrist. *Id.* at ¶¶ 5-9. Abrusley believes that Vioxx caused his stroke and resulting injuries. *Id.* at ¶ 11. Accordingly, on January 11, 2002, Abrusley filed the instant action against the Vioxx manufacturer, Merck, & Co., Inc. ("Merck") in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Also made defendant was John Doe, the fictitious name for Merck's salesman or detailer who provided the product samples to plaintiff's doctor.

On January 31, 2002, Merck, timely removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Louisiana domiliary, and thus, is deemed a

---

[1]    The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

(37)



citizen of this state for purposes of jurisdiction. (Petition, preamble). Merck is a New Jersey corporation, with its principal place of business in said state. (Notice of Removal, ¶ 6). The citizenship of John Doe was disregarded because he is a fictitious party. 28 U.S.C. § 1441(a).

On March 27, 2002, plaintiff filed the instant, well-written, motion to remand or alternatively, motion for leave to amend and then remand.[2] Plaintiff contends that because John Doe was sufficiently described in the complaint and readily identifiable by Merck, then he should be considered for purposes of assessing diversity.[3] *Ibieta v. Brinks*, 1997 WL 781291 (E.D. La. 1997); *Tomkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D. La. 1994). We respectfully disagree with these cases. Section 1441(a) unequivocally states that ". . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). No exceptions are contemplated by this rule, and we are not at liberty to impose any.

Even if we treated John Doe as a named, non-diverse defendant, then it would have been incumbent upon the removing defendant to establish that plaintiff had no possibility of recovery against the in-state defendant, and that he had been joined merely to defeat diversity. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). Here, defendant satisfied that burden.

In *Furlough v. Warner Lambert Co.*, we recognized that under Louisiana law the only duty owed by detailmen is to deliver and explain the new package inserts to the physicians in their territory. *Furlough v. Warner Lambert Co.*, Civil Action No. 3:01-0704 (W.D. La. 8/8 &

---

[2] After delay for discovery and briefing, the matter is now before the court.

[3] Plaintiff does not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See*, 28 U.S.C. § 1332. Moreover, we have reviewed plaintiff's allegations and the Notice of Removal. (*See*, Notice of Removal, ¶ 5). We are satisfied that plaintiff's claims exceed the jurisdictional minimum.

2

MOO6T29032

9/13/01)(citing, *Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1st Cir. 1988)). However, the instant plaintiff's original petition is devoid of any specific allegations that John Doe, (a detailman) failed to provide the product insert to his physician or that he failed to explain the product insert.[4] Thus, on its face, plaintiff's petition does not state a cause of action against the fictitious defendant, and plaintiff had no possibility of recovery against said defendant at the time of removal. John Doe is properly excluded from the assessment of diversity.

Plaintiff alternatively seeks to amend his petition to substitute Bryant Tansil for John Doe, and to add defendant-detailmen/salesmen, Sonja Ragusa, James White, Stacey Walters, John Matthews, Vincent Moronto, John Matthews, and Sonya Brantley. (*See*, First Supplemental and Amending Complaint). Plaintiff alleges that these individual defendants are Louisiana residents.[5] Of course, the post-removal joinder of any non-diverse defendant will destroy diversity jurisdiction and require remand. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999); 28 U.S.C. § 1447(e).[6]

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its

---

[4] The closest that plaintiff comes to stating an actionable claim against John Doe is his allegation that he failed to convey the hazardous and dangerous nature of Vioxx to plaintiff and his physician. (Petition, ¶ 15, 53). However, this declaration does not specifically allege that the detailman failed to deliver or explain the package inserts to the prescribing physician. *See*, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action); *Hart v. Bayer Corp.*, 199 F.3d 239, 247-248 (5th Cir. 1999).

[5] Presumably, they are Louisiana domiciliaries.

[6] The post-removal substitution for a fictitious defendant is also analyzed under 28 U.S.C. § 1447(e). *See*, *Doleac ex rel. Doleac v. Michinson*, 264 F.3d 470 (5th Cir. 2001).

3

MRK-AFJ0233

discretion in deciding whether to allow that party to be added. . . ." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[7] In exercising its discretion, the district court is to consider the following factors,

> . . . the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.

*Hengens*, 833 F.2d at 1182.

Our first consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Related to this issue is whether plaintiff has a real possibility of recovery against the proposed defendants. *See, Cobb*, 186 F.3d at 678 (a court should never permit the joinder of a jurisdiction-destroying defendant when recovery against that defendant is not really possible). Without question, plaintiff's amended complaint alleges a cause of action against the putative individual defendants.[8] However, Merck submitted an uncontroverted affidavit which establishes that prior to the summer of 2001, putative defendant, Stacy K. Walters, provided the Vioxx product circular to Dr. Nesom (plaintiff's doctor), and explained it to him. (Def. Exh. C). Thus, Walters discharged her limited duty as a detailman. Moreover, even if the remaining putative defendants did not discharge their individual duties to provide and explain the product inserts to Dr. Nesom, any breach of that duty could not have been a cause-in-fact of plaintiff's injuries because Stacy Walters provided that information to Dr. Nesom prior to the summer of

---

[7] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, some courts have suggested that § 1447(e) was a codification of *Hengens*. *See, Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862, n. 4 (S.D. Fla. 1989); *Chism v. Burlington Northern Railroad Co.*, 1996 Westlaw 408907 (N.D. Miss. 1996).

[8] *See e.g.,* ¶ 1(c)(the detailman/salesman did not convey or explain the Vioxx package inserts to plaintiff's physician).

4

MRK-29714

2001. Accordingly, the uncontroverted evidence establishes that plaintiff does not have a real possibility of recovery against any of the putative individual defendants.

Independent of plaintiff's chances of recovery against the individual defendants, we note that the nature of the claims and parties in this case strongly indicate that the primary purpose of the amendment is to defeat federal subject matter jurisdiction. Plaintiff alleges that the detailmen/salesmen are employees of Merck. Thus, Merck would be vicariously liable for any negligence committed by its employees within the course and scope of their employment. The joinder of Merck's employees adds nothing to plaintiff's case – except to secure remand to state court.

Merck concedes that plaintiff was not dilatory in seeking leave to amend. However, Merck alleges that plaintiff will not be significantly injured if the amendment is disallowed. We agree. As stated above, Merck is vicariously liable for its employees' negligence. Merck is fully capable of satisfying any judgment against it. To the extent that Merck could prove insolvent à la Enron or Global Crossing, the fiscal health of the individual employees would be no better. They would find themselves unemployed and struggling to meet mortgage and credit card payments.[9]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand or alternatively, motion for leave to amend and then remand [doc. # 20], be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[9] There are no other dispositive equities to be considered.

5

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS

AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED

PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN

ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of

June, 2002.

COPY SENT:
DATE: 6/19/02
BY: _____
TO: Anday
McCall
Cohen
ARWIBB
JB

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

6

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN - 5 2002

at _____ o'clock and _____ min _____ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DONNA MEIFERT JONES, ETC., ET )     CIVIL NO. 02-00186 SOM-LEK
AL.,                          )
                              )
            Plaintiffs,       )
                              )
      vs.                     )
                              )
MERCK & COMPANY, INC., ET     )
AL.,                          )
                              )
            Defendants.       )
_____)

FINDINGS AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND

On November 23, 2001, Plaintiff Donna Meifert Jones,

individually and as Personal Representative of the Estate of

Frank Newton Jones, Jr., also known as Frank N. Jones, deceased,

("Plaintiff"), filed a Complaint in the Circuit Court of the

First Circuit State of Hawaii against Defendant Merck & Company,

Inc. ("Defendant"), alleging inter alia, strict liability,

negligence, negligence per se, breach of implied warranty, breach

of express warranty, deceit by concealment, negligent

misrepresentation, violation of the Uniform Deceptive Trade

Practices Act, Chapter 481A, Hawaii Revised Statutes ("HRS"), HRS

§ 480-2, and punitive damages.  On March 28, 2002, Defendant

MRK-29717

filed a Notice of Removal in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1441(a).

On April 26, 2002, Plaintiff filed the instant Motion to Remand, which District Judge Susan Oki Mollway referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) on April 29, 2002. Defendant filed its opposition on May 17, 2002, and Plaintiff replied on May 23, 2002. Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' submissions and arguments, this Court FINDS that the action was properly removed from state court, and thus, RECOMMENDS that Plaintiff's motion be DENIED in its entirety.

## DISCUSSION

Defendant removed this case from state court on the basis of diversity jurisdiction. A federal district court has original jurisdiction over all civil actions involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff now contends that discovery has revealed four

2

distributors who "may have distributed Vioxx in Hawaii." (Pl.'s
Mem. in Supp. at 4.) While Plaintiff admits that further
discovery is needed to ascertain the nature and extent of Vioxx
distribution in Hawaii, Plaintiff asserts an intent to add these
distributors to the action. Further, Plaintiff suggests that
because these distributors "are licensed to do business in the
State of Hawaii," (Id.) the addition of these distributor
defendants will destroy diversity jurisdiction and divest the
Court of its subject matter jurisdiction.

It is well-established that the Court's diversity
jurisdiction is determined at the time the notice of removal is
filed. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303
U.S. 283, 289 (1938). Furthermore, under the removal statute,
the citizenship of defendants sued under fictitious names is to
be explicitly disregarded for purposes of diversity removal. See
28 U.S.C. § 1441(a).[1]

Plaintiff is a citizen of the State of Hawaii.
Defendant, whose principal place of business is in the State of

---

[1] The statute states, in pertinent part, "[f]or purposes of
removal under this chapter, the citizenship of defendants sued
under fictitious names shall be disregarded." 28 U.S.C.
§ 1441(a). This language was added in 1988 under the Judicial
Improvements and Access to Justice Act, in order to curtail the
practice of naming fictitious defendants merely to destroy
diversity. See Wright & Miller, Federal Practice & Procedure §
3642.

3

MRXSF 290759

New Jersey, is a citizen of New Jersey.  It is undisputed,
therefore, that complete diversity exists between Plaintiff and
Defendant and that the Court has diversity jurisdiction in this
action.  Moreover, given the explicit language of the removal
statute, the Court must necessarily disregard the citizenship of
the unnamed defendants.[1]

Nevertheless, the Court is convinced that mere
allegations that the unnamed defendants may be residents of
Hawaii without more, is insufficient to destroy diversity.
Plaintiff's papers seem to suggest that further discovery is
necessary to ascertain the identity and citizenship of the
unnamed defendants.  Under the circumstances, therefore, there is
no specific reason to believe that the unnamed defendants will
prove to be Hawaii citizens.

Accordingly, and based on the clear language of 28
U.S.C. § 1441(a), this Court FINDS that removal was proper, and
thus, RECOMMENDS that Plaintiff's Motion to Remand be DENIED.[2]

---

[1] While Plaintiff's Memorandum in Support identified the
distributors as McKesson Corporation, McKesson Drug Company,
Amerisource Bergen and R. Weinstein, Inc., Plaintiff's Reply
states "Plaintiff does not have the identity of the Hawaii
distributor of Vioxx."  (Pl.'s Reply at 2.)  Accordingly, and
given that Plaintiff has not moved to amend the Complaint to
include these defendants, the Court treats these defendants as
unnamed.

[2] Defendant aptly cites to <u>Newcombe v. Adolf Coors Co.</u>, 157
F.3d 686 (9th Cir. 1998), and points out that the "proper

4

MNG67.290.US0

<u>CONCLUSION</u>

For the foregoing reasons this Court FINDS and

RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii:    June 5, 2002

LESLIE E. KOBAYASHI
United States Magistrate Judge

DONNA MEIFERT JONES, ETC., ET AL. V. MERCK & COMPANY, INC., ET
AL; CIVIL NO. 02-00186 SOM-LEK; FINDINGS AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND

procedure" would have been for Plaintiff to first seek to add the
unnamed defendants and then to move to remand. <u>Id.</u> at 691 n.2.
This Court agrees, and further notes that the ruling herein is
consistent with the rationale set forth in <u>Newcombe</u>. <u>See id.</u> at
690 ("[T]he district court was correct in only considering the
domicile of the named defendants . . . . [Plaintiff] filed this
suit knowing that there was complete diversity among the named
defendants and that removal was a real possibility.").

5